273 So.2d 831 (1973)
STATE of Louisiana, Appellee,
v.
Henry Bailey FRIZZELL, Appellant.
No. 52294.
Supreme Court of Louisiana.
February 19, 1973.
*832 Daniel L. Regard, New Iberia, Linus P. Terrebonne, Jr., Morgan City, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Harry H. Howard, Asst. Atty. Gen., Knowles M. Tucker, Dist. Atty., Edward M. Leonard, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant Frizzell shot and killed Frank Garess. He was indicted for murder. La.R.S. 14:30. His defense at the trial was that the shooting was in self-defense. La.R.S. 14:20. He was convicted of manslaughter, La.R.S. 14:31, a responsive verdict, La.C.Cr.P. Art. 814. He was sentenced to fifteen years in the penitentiary.
On his appeal he relies upon three perfected bills of exceptions:

Bill of Exceptions No. 1
The first bill was taken to the trial court's denial of the motion of appointed counsel to withdraw. Their motion was based upon their client's written request that they do so. The request was made about five months after the trial date had been set and one month before the trial date.
At the hearing on the motion, the defendant was given the opportunity to obtain other counsel. He stated he did not wish appointed counsel to represent him because he was not satisfied they were experienced enough in capital cases.[1] The defendant stated that he did not intend to hire or obtain other counsel but, instead, would represent himself at his trial for murder.
The trial judge denied the motion, finding no valid reason for the accused's dissatisfaction with his appointed counsel. Furthermore, he felt he was under a mandatory duty to appoint counsel in this capital case, La.C.Crim.P. Art. 512, and that it would be denial of due process to permit the accused to go on trial for his life without counsel, Article 512, Official Revision Comment (a). See Bennett, Right to CounselA Due Process Requirement, 23 La.L.Rev. 662, esp. 666-67 (1963).
The matter is not entirely free from doubt. Our state constitution provides that an accused "shall have the right to defend himself, to have the assistance of counsel, and to have compulsory process for obtaining witnesses in his favor." (Italics ours.) La.Const. Art. 1, Section 9 (1921). Cf., State v. White, 163 La. 386, 111 So. 795 (1927). Nevertheless, another provision of the constitution of equal dignity provides that "No person shall be deprived of life, liberty or property, except by due process of law." Art. 1, Section 2.
Here, the defendant was a 60-year old laboring man, untrained in the law and without substantial formal education. It is self-evident, if only from the numerous examples of experienced counsel tripped up by the technicalities of criminal trial and appellate procedure, that the accused's self-representation on a trial for the serious charge of murder could not adequately *833 present procedurally defenses and preserve procedurally grounds for review.
As noted four decades ago in Powell v. Alabama, 287 U.S. 45, 69, 53 S.Ct. 55, 64, 77 L.Ed. 158 (1932), "Even the intelligent and educated layman has small and sometimes no skill in the science of law.... He is unfamiliar with the rules of evidence. Left without the aid of counsel he may be . . . convicted upon incompetent evidence, or evidence irrelevant to the issue or otherwise inadmissible... He requires the guiding hand of counsel at every step in the proceedings against him. Without it, though he be not guilty, he faces the danger of conviction because he does not know how to establish his innocence." See also Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963).
The California Supreme Court recently examined the effect of a then-provision in its state constitution granting an accused the right "to have the assistance of counsel for his defense . . . and to appear and defend in person." People v. Sharp, 7 Cal.3d 448, 103 Cal.Rptr. 233, 499 P.2d 489 (1972). After full examination of historical antecedents and the historical reasons for such constitutional and statutory provisions, the court concluded that the "right to defend" did not include the right to appear pro se, although due process considerations may require that a defendant be accorded the right of self-representation in appropriate circumstances.[2]
There is substantial decisional authority in other jurisdictions contrary to this construction of "right to defend himself" provisions, some of which Sharp reexamines, clarifies, or (in the case of prior California cases) overrules or modifies. See Annotation, Right of Defendant in Criminal Cases to Conduct Defense in Person. 77 A.L.R.2d 1233 (1961). Nevertheless, we are convinced by the reasoning of the California Supreme Court, and the sources relied upon by it,[3] that the functional *834 and historical reason for provisions such as contained in our constitution that the accused "shall have the right to defend himself, [and] to have the assistance of counsel" did and do not include an absolute constitutional right to appear as counsel for one's self.
The right of an accused to "defend himself" may, in appropriate circumstances, include pro se representation, where other constitutional rights are not substantially diminished, such as the due process guarantee, Art. 1, Section 2, La. Constitution, or "the right of a speedy, public and impartial trial", Art. 1, Section 9. Essentially, however, as the California court noted, the purpose of a provision granting the accused a right to defend himself is to afford him "the opportunity to best defend against the charges and to counter the resources aligned against him by the state. Ideally the opportunity is to be realized through the availability of competent counsel, as constitutionally required." 103 Cal.Rptr. 241, 499 P.2d 497. In the context of complex modern criminal law and procedure, and of modern due process requirements, the right of an accused to "defend himself [and] to have the assistance of counsel" may necessarily include the assistance of counsel to effectuate the right to defend himself.
Having reached this conclusion, we do not find under the circumstances here presented that the trial court abused its discretion by denying the defendant the right to represent himself in this capital case. See Official Revision Comment (c), La.C.Cr.P. Art. 512.
Having so found, it is unnecessary to discuss whether the belated attempt to change counsel likewise justified the denial as an attempt to delay the trial, State v. Boudoin, 257 La. 583, 243 So.2d 265 (1971); nor whether the present accused's initial request for appointed counsel and acceptance of their substantial services during the preparations for trial constituted a waiver precluding his later assertion of any right to self-representation, in the absence of inadequacy or prejudice, United States v. Conder, 423 F.2d 904 (C.A.6, 1970); nor whether, in the lack of any showing or even assertion of inadequate representation by appointed counsel, the accused may claim reversible error or prejudice through not being accorded the right to proceed pro se, State v. White, 256 La. 36, 235 So.2d 84 (1970).

Bill of Exceptions No. 2
Likewise, we find no merit to the defendant's second bill. This bill was based upon the State's calling as its witness (by subpoena instanter during the trial) a lady who had been located and subpoenaed by the defendant. The complaint is that this tactic by the State was intended to undermine the defense case, to "steal the thunder of the defense."
No authority is cited for the proposition that one party cannot call as its witness a person previously subpoenaed by the other. We find no legal or reasonable justification in support of it. Of course, when the opposing party calls as its own a witness previously subpoenaed by the other, the party who calls the witness is subject to the same limitations of examination and impeachment, cf. La.R.S. 15:277, 281, 487, as in the case of any other witness called by such party.

Bill of Exceptions No. 3
The final bill presents an issue as to whether the trial court erred in sustaining a State objection to testimony of a witness as to what he had heard bystanders surrounding the victim's body say when he first arrived. Admission was sought of this testimony as falling within the res gestae (excited utterance) exception to the hearsay rule. See: La.R.S. 15:447, 448; Comment, 29 La.L.Rev. 661 (1969).
*835 The trial court refused to admit the testimony until a better foundation had been laid as to the circumstances under which the declaration(s) was (were) made.
The witness had previously testified as to these declarations at a preliminary examination. The trial court, the State, and the defense were fully award of the content and reliability of the allegedly res gestae statements sought to be introduced. At this preliminary examination, the witness had eventually identified the source of the statements as a Mrs. Dinger, Tr. 77; this lady had testified at the trial, Tr. 790ff., and was positively shown to have been in another room and unable to have personal knowledge or observation of the declaration she had (allegedly) made to the witness.
Under these circumstances, the trial court did not abuse its discretion in requiring further foundation before admitting the witness's testimony as to the (alleged) spontaneous declaration made by the bystander, since upon such showing the speculative and inadmissible nature of the (alleged) declaration, not founded upon any actual observation or knowledge, would have been disclosed.
There is no merit to this bill.

Decree
For the foregoing reasons, the conviction and sentence are affirmed.
Affirmed.
DIXON, J., concurs.
NOTES
[1] Examination of the record shows that his two appointed counsel were diligent, competent, and tenacious in the defense of their client.
[2] The Sharp decision contains a full and convincing analysis of federal authorities, concluding that likewise there is no constitutionally guaranteed right under the federal constitution to self-representation. See also perceptive Comment, Self-Representation in Criminal Trials: The Dilemma of the Pro Se Defendant, 59 Calif.L. Rev. 1479 (1971).

For instance, in Adams v. United States, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), an accused had waived counsel and conducted his own trial, waiving jury. The issues concerned whether an accused could intelligently without counsel waive his right to jury in a felony case. The court held that a person could intelligently waive his right to the assistance of counsel and could, without counsel, intelligently waive his right to jury trial. It is in this context that the oft-quoted statement is made: "But the Constitution does not force a lawyer upon a defendant." 317 U.S. 279, 63 S.Ct. 242. See similar issue and statement in Carter v. Illinois, 329 U.S. 173, 67 S.Ct. 216, 91 L.Ed. 172 (1946). However, as the California court points out (along with others), the holdings that due process is not necessarily offended if an accused intelligently waives counsel and conducts his own defense in a judge-trial (Adams), or if he pleads guilty without the assistance of counsel after an intelligent waiver of counsel (Carter), are not authority for any converse proposition that an accused has a constitutional right to conduct his own defense without counsel.
[3] 1 Pollock & Maitland, History of English Law 211-212 (1923); Radin, Anglo-American Legal History 230 (1936); 1 Schwartz, The Bill of Rights 74, 129, 131, 170, 278, 282, 300, 310, 316, 323, 371 (1971). See also Beaney, The Right to Counsel in American Courts 209, 237 (1955). Reviewing the provisions in Schwartz, cited supra, there are some expressions as in the Georgia Constitution of 1777 that recognize the "inherent privilege of every freeman, the liberty to plead his own cause", p. 300 (see also p. 316 and p. 371); but, in the main, the right to defend one's self so recognized must be understood in the context of the immediately antecedent times, see p. 131, referring to the Pennsylvania Frame of Government of 1682: "At a time when an accused did not have the right to testify in English courts, all persons were given the right to freely appear and personally plead their own cause * * *".