UNITED STATES of America,
Appellee,

v.

Trunnell Levett PRICE and Arnold
Lewis Coffey, Appellants.

Nos. 71–3038, 71–3039.

United States Court of Appeals,
Ninth Circuit.

Aug. 17, 1973.

Rehearing Denied in No. 71–3039
Aug. 17, 1973.

Artie Henderson, Huntington, Bryans, Harper, Henderson, Burney & Newman-Crawford, San Diego, Cal., for appellants.

Harry D. Steward, U. S. Atty., James W. Meyers, Robert H. Filsinger, Asst. U. S. Attys., San Diego, Cal., for appellee.

Before ELY and HUFSTEDLER, Circuit Judges, and D. WILLIAMS, District Judges.[*]

ORDER

On request of a member of the court who was not a member of the panel, proceedings were commenced in April 1973 to obtain a vote of the court to consider the case en banc.

All members of the court in active service have considered the request for en banc consideration. A majority of the court has rejected the request.

Judge Wallace, with whom Judges Wright Trask, Choy, and Goodwin concur, files an opinion dissenting from the rejection of en banc consideration. Chief Judge Chambers files a special concurrence in the refusal to consider the case en banc.

WALLACE, Circuit Judge (dissenting), in which Circuit Judges WRIGHT, TRASK, CHOY and GOODWIN concur:

I respectfully dissent from our decision not to take these cases en banc. I fear this decision not only embarks us on uncharted waters fraught with yet unseen shoals, but leaves our local ships' captains in the district court without the necessary use of the rudder to avert day-to-day collisions.

I

We have held the right to proceed pro se is of constitutional dimensions. Arnold v. United States, 414 F.2d 1056, 1058 (9th Cir. 1969), cert. denied, 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970); Bayless v. United States, 381 F.2d 67, 71 (9th Cir. 1967). *But see* Brown v. United States, 105 U.S.App. D.C. 77, 264 F.2d 363, 365, cert. denied, 360 U.S. 911, 79 S.Ct. 1299, 3 L.Ed.2d 1262 (1959); People v. Sharp, 7 Cal. 3d 448, 103 Cal.Rptr. 233, 499 P.2d 489 (1972). *See also* Comment, Self-Representation in Criminal Trials: The Dilemma of the Pro Se Defendant, 59 Cal.L.Rev. 1479, 1487–89 (1971).

After the jury had been selected and the district judge had set aside the time necessary to try two defendants for the $122,700 gunpoint robbery of a post office, one of the two defendants demanded to represent himself. The opinion in this case makes the judge's denial reversible constitutional error. It attempts to justify this decision by the fact that the trial judge, when he denied the motion, referred only to Coffey's lack of ability to defend himself properly. That the judge, who was in the best position to assess the situation, believed Coffey would have a fairer trial with the representation of counsel is brushed aside. The off-the-cuff comments of the trial judge now become a trap by our studied hindsight. Had he stated no reasons for denial of the motion, we would have reviewed the record to determine if they existed. The opinion's reliance upon the judge's failure to mention other obvious facts before him seems to me to be seizing upon form and disregarding substance. For example, the very day before, the district judge was faced with such reprehensible and disrespectful conduct that only his extraordi-

[*] Central District of California, sitting by designation.

nary patience and judicial temperance kept Coffey from immediate consequences. Coffey was not only flagrantly disrespectful in open court, but exercised his four-letter vocabulary.[1]

Further, although the judge did not mention that the trial had already commenced, this too was an obvious fact to consider. I concur with the analysis of our brothers in the Second Circuit that once the trial has begun,

> There must be a showing that the prejudice to the legitimate interests of the defendant overbalances the potential disruption of proceedings already in progress, with considerable weight being given to the trial judge's assessment of this balance.

United States ex rel. Maldonado v. Denno, 348 F.2d 12, 15 (2d Cir. 1965) (citations omitted).

It seems obvious to me there is no absolute constitutional right to represent one's self if the trial court may take appropriate steps to quiet or remove obstreperous defendants, including binding and gagging if necessary. *See* Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970). This being so, the trial judge must decide when and under what circumstances an unruly defendant may represent himself. We must give the district judge wide latitude in this decision. It is he who observes the complete demeanor of the defendant—he is not limited, as we are, to the cold record. He is aware of actions not reflected in the record.[2] It is he who is charged not only to provide a climate as fair as practical for trial, but with the protection of those in the courtroom. It is he upon whom we must rely for the efficient administration of justice. Given the total facts before him, I would hold this judge did not abuse his discretion and there was no constitutional violation.

1. The government's Petition for Rehearing recounts his escapades:
   > During the calling of the jury, Coffey stated: "I am telling you, man, I am through with this _____." The jury was then impaneled. Codefendant Price loudly objected to the entire jury panel and refused to be seated despite several requests by the court. Coffey shouted among other things that: "I concur with Mr. Price that this is a 'gargantuan amount of hypocrisy.'" "You're devils, that's what you are." "Hypocritical eloquence in your black robe, huh? Why don't you put on a white robe? It is more symbolic of your nature—treachery." "That is all it is, a conspiracy, a tyrannical conspiracy."
   >
   > After codefendant Price stated he refused to be tried and asked to be taken to the holding room, Coffey suggested that he too be taken out of the courtroom and announced: "There is no justice, none whatsoever." Then after the court ordered the defendants removed from the courtroom, Coffey exclaimed that: "It is a lot of _____ _____ and brainwash, that's what it is."
   >
   > After a recess Coffey stated he agreed with Price not to go through with these "processes" and asked to be excused from the proceedings to follow.

   The record discloses that thereafter Price attempted to leave the courtroom and he and Coffey had to be forcibly restrained by the Marshals. The court adjourned the trial and stated that it would attempt to persuade the defendants to attend the trial. Petition for Rehearing at 2-3 (citations omitted).

2. The government further stated:
   > Although not completely evidenced from the record, (except inferentially by the court stating, "Mr. Price. All right. Bring him back here. Mr. Coffey, sit down"), Price had walked to the door to the immediate left of the bench and exited with a deputy United States Marshal in pursuit; Coffey moved to a position between counsel table and the bench where he was strenuously taken into physical custody by a deputy marshal. Price still resisting, was returned to the courtroom by a deputy
   >
   > Further, the record is silent as to: 1) the necessity of enforcing order bringing the marshals to using chokeholds and threatening the use of a blackjack; and 2) the continued presence, after the second day of trial, of heavyweight deputy U. S. Marshals positioned to the rear of each of the seated defendants.

   Petition for Rehearing at 3 n.3 (citations omitted).

## II

Only Price moved to have a reporter present at the grand jury proceedings at government expense. As Coffey did not make any motion, I do not see why the case should be remanded to allow him to show prejudice due to lack of recordation. I would hold he has no standing now to object.

Further, I believe the opinion's rule concerning grand jury recordation motions is overly broad. The discretion of Fed.R.Crim.P. 6(d), which uses the permissive term "may," is virtually eliminated by a holding that the motion must be granted unless the government proves a legitimate and compelling interest. That to me is not the same discretion we formerly allowed the district court. *See* Reyes v. United States, 417 F.2d 916, 918 (9th Cir. 1969); Jack v. United States, 409 F.2d 522, 524 (9th Cir. 1969); Loux v. United States, 389 F.2d 911, 916 (9th Cir.), cert. denied, 393 U. S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968). We held in United States v. Thoresen, 428 F.2d 654, 666 (9th Cir. 1970), that the permission may not be arbitrarily denied. *See also* United States v. King, 478 F.2d 494 (9th Cir., 1973). But now to set such a precise burden on the government seems to me to strip from the district court the discretion it should have in ruling on a motion to record the testimony. If it is felt that rule 6(d) should be amended, I would prefer that it be done in the normal manner rather than by judicial decision.

CHAMBERS, Circuit Judge, concurring in the refusal to take the cases en banc:

In my view, Price and Coffey are wrongly decided. But we simply cannot take en banc each case that we think is wrongly decided. Additionally, I feel that the issues in Price and Coffey cannot be long delayed in resolution by the Supreme Court of the United States.

So I vote against en banc because I favor getting on with other business of the court. If we were the ultimate authority, I would vote otherwise. But about every other Monday we get proof that we are not the ultimate authority.