Daniel Kallen (argued), of Somers & Kallen, Santa Monica, Cal., for appellant.

Andrew R. Willing, Asst. U. S. Atty. (argued), Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Los Angeles, Cal., for appellee.

Before MERRILL and HUFSTEDLER, Circuit Judges, and SOLOMON,* District Judge.

**UNITED STATES of America,
Appellee,
v.
Robert Lee PIKE, Appellant.

No. 26044.**

United States Court of Appeals,
Ninth Circuit.

March 4, 1971.

PER CURIAM:

Appellant Pike appeals from his conviction for failing to report for his physical examination and for refusing to submit to induction in violation of 50 U.S.C. App. § 462.

We reverse Pike's conviction because the district court erroneously denied Pike's timely request to represent himself. As Judge Medina observed in United States v. Plattner (2d Cir. 1964) 330 F.2d 271, 273: "The right to act *pro se* * * * is a right arising out of the Federal Constitution and not the mere product of legislation or judicial decision. Thus we would be required to remand the case, even if no prejudice to Plattner were shown to have resulted from the refusal to permit him to act *pro se.*" Nothing in the record suggests that Pike's election to waive counsel and to conduct his own defense was incompetent or un-

* Hon. Gus J. Solomon, Chief Judge, United States District Court for the District of Oregon, sitting by designation.

intelligent. *See* Adams v. United States ex rel. McCann (1942) 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268. This is not a case in which the court appointed counsel to provide assistance to a defendant in representing himself.

It is unnecessary to discuss Pike's other contentions. They are either authoritatively decided by other cases that have come down since the appeal was taken or arise from circumstances that are unlikely to recur in the event of retrial.

The judgment is reversed and the cause is remanded to the district court.