UNITED STATES of America, Appellee,

v.

Trunnell Levett PRICE, and Arnold Lewis Coffey, Appellants.

Nos. 71-3038, 71-3039.

United States Court of Appeals, Ninth Circuit.

March 5, 1973.

David W. Williams, District Judge, dissented without opinion.

---

William J. Zumwalt (argued), San Diego, Cal., Artie Henderson of Huntington, Byrans, Harper, Henderson, Burney & Newman-Crawford, San Diego, Cal., for appellants.

Robert H. Filsinger, Asst. U. S. Atty. (argued), James W. Meyers, Asst. U. S. Atty., Harry D. Steward, U. S. Atty., San Diego, Cal., for appellee.

## OPINION

Before ELY and HUFSTEDLER, Circuit Judges, and WILLIAMS,* District Judge.

HUFSTEDLER, Circuit Judge:

Price and Coffey appeal from their convictions for armed robbery of a post office (18 U.S.C. § 2114). Of their many contentions on appeal, only three require discussion: (1) denial of their preindictment motions to compel recordation of grand jury proceedings and of their postindictment motions to disclose the content of grand jury transcripts; (2) denial of Coffey's motion to appear pro se at trial; and (3) error in sentencing them to the "mandatory" term prescribed by 18 U.S.C. § 2114, without revealed consideration of the sentencing alternatives of the youthful offender provisions of 18 U.S.C. §§ 4208(a)(1) and 4209.

### I.

■ After appellants were in custody but before they were indicted, they moved for an order compelling recordation of the anticipated grand jury proceedings. The court observed that recordation was desirable, but it denied the motion on the ground that Rule 6(d) of the Federal Rules of Criminal Procedure did not make transcription mandatory and that the court would not "make the rule" itself. In noting that Rule 6(d) [1] is permissive, the district court followed the language of the Rule and the decisions of our court interpreting it.[2] In denying the motion, however, the district court abdicated the discretion committed to it to order recordation, despite assurances by this court that it has such discretion and that it is obliged to

exercise it.[3] As we said in United States v. Thoresen (9th Cir. 1970) 428 F.2d 654, 666:

> "[T]he fact that a particular discovery procedure is 'permissive' rather than 'mandatory' does not mean that permission may be arbitrarily denied. Where a defendant, anticipating future grand jury proceedings involving himself, gives notice in advance that he will seek a transcript of the proceedings if an indictment is returned and offers to pay the expense of having a reporter in attendance or shows inability to pay, a sound exercise of discretion would ordinarily call for the granting of a motion that a reporter be in attendance."

■ We adhere to the principles stated in *Thoresen*, and we now implement them by holding that the district court must exercise its discretion in passing upon a preindictment motion for recordation of grand jury proceedings and that a district court abuses its discretion in denying the motion of parties situated as were appellants, in absence of a Government showing that it has a legitimate and compelling interest to be served by nonrecordation. The Government cannot meet its burden by resort to the secrecy rubric. Secrecy of grand jury proceedings is not jeopardized by recordation. The making of a record cannot be equated with disclosure of its contents, and disclosure is controlled by other means.

Our holding, in part, is predicated on our recognition in *Thoresen* that recordation of grand jury proceedings should be routine and nonrecordation should be permissible only in exceptional circumstances. It is also based on our awareness that a less strict rule invites defeat

---

* Honorable David W. Williams, United States Judge for the Central District of California, sitting by designation.

1. "[A] stenographer or operator of a recording device may be present while the grand jury is in session . . . ."

2. *E. g.*, United States v. Parker (9th Cir. 1970) 428 F.2d 488, cert. denied, 400 U.S.

910, 91 S.Ct. 155, 27 L.Ed.2d 150; Loux v. United States (9th Cir. 1968) 389 F.2d 911, 916, cert. denied, 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135.

3. The frequency of instances in which denial of preindictment motions has been brought to our attention suggests that the district court's misapprehension of the principle is not uncommon.

of the principles enunciated in Dennis v. United States (1966) 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973.

*Dennis* held that it was reversible error to deny petitioners' motion for disclosure of certain portions of a grand jury transcript for which the petitioners had shown a particularized need. The Court reasoned that the broadened discovery available to defendants is "entirely consonant with the growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of criminal justice." (384 U.S. at 870, 86 S.Ct. at 1849. *See also* U. S. Industries, Inc. v. United States District Court (9th Cir. 1965) 345 F.2d 18.)

When Price and Coffey moved for disclosure of portions of the grand jury proceedings, their showing of particularized need may not have been adequate. However, even if their showing had been overwhelming, it would have been futile because the nonexistent is nonproducible, and the Government had arranged that no record be made.

The Government has known at least since *Thoresen* that a failure to record grand jury proceedings after notice that a defendant wants recordation could jeopardize a prosecution. In *Thoresen* we declined to dismiss the indictment because the Government had had no prior Circuit warning that its refusal to record could bring its case to grief. The warning was given, and it has been ignored. We are unwilling to go so far as to order dismissal of the indictments of Price and Coffey because we are not convinced that they have adequately demonstrated prejudice. (428 F.2d at 666.) However, we will vacate their sentences and on remand permit them a further opportunity to expand the record by offering additional evidence bearing on the issue.

## II.

■ After the jury had been impaneled and before it was sworn, Coffey moved to dismiss his court appointed counsel and have new counsel appointed, or in the alternative, moved for leave to proceed pro se. There was ample room for an exercise of discretion refusing to substitute new counsel on the eve of the trial. *See* Good v. United States (9th Cir. 1967) 378 F.2d 934. Denial of Coffey's motion to proceed pro se, however, is more troublesome.

■ Federal law guarantees parties the right to conduct their own cases: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein." 28 U.S.C. § 1654. No recent innovation, this statutory guarantee has existed since the First Congress. Judiciary Act of 1789, § 35, 1 Stat. 73, 92 (1789). *See* United States v. Plattner (2d Cir. 1964) 330 F.2d 271, 274. Indeed, it is now clear that the right to proceed pro se is not merely statutory, it is a right of constitutional dimension. (Bayless v. United States (9th Cir. 1967) 381 F.2d 67, 71. *See also* Adams v. United States ex rel. McCann (1942) 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 ("The right to assistance of counsel and the correlative right to dispense with a lawyer's help are not legal formalisms. . . . [T]he Constitution does not force a lawyer upon a defendant."); Arnold v. United States (9th Cir. 1969) 414 F.2d 1056, 1058, cert. denied (1970) 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 ("A defendant in a criminal case not only has a constitutional right to the assistance of counsel, he has a correlative constitutional right to refuse the advice or interference of counsel and to present his own case. A court has no more right to force an attorney on a defendant than it has to ignore the Sixth Amendment right to counsel."); Reynolds v. United States (9th Cir. 1959) 267 F.2d 235; Duke v. United States (9th Cir. 1958) 255 F.2d 721, cert. denied, 357 U.S. 920, 78 S.Ct. 1361, 2 L.Ed.2d 1365. *But cf.* People v. Sharp (1972) 7 Cal.3d 448, 103 Cal.Rptr. 233, 499 P.2d 489.

■ Since the right to proceed pro se is bottomed on the Constitution, the defendant need not show prejudice in order to secure reversal of a conviction. (United States v. Pike (9th Cir. 1971) 439 F.2d 695.) Although it is not error for the court to require counsel to be present and prepared to give advice, such counsel may not interfere with the defendant's presentation of the case and may give advice only upon request. (Bayless v. United States, *supra*.) The court may not deny a defendant the right to represent himself because he lacks expertise or professional capabilities. When a proper request is made, the only question for the court is whether the defendant has the capacity to decide intelligently and to understand what he is doing, *i. e.*, can the defendant make a valid waiver of his right to counsel? (Hodge v. United States (9th Cir. 1969) 414 F.2d 1040.)

We assume that the right to proceed pro se is not unlimited (*e. g.*, United States v. Private Brands (2d Cir. 1957) 250 F.2d 554, cert. denied, 355 U.S. 957, 78 S.Ct. 542, 2 L.Ed.2d 532; United States v. Bentvena (2d Cir. 1963) 319 F.2d 916), but our circuit has not expressly decided what limitations, aside from timeliness (United States v. Pike, *supra*, 439 F.2d at 695), should be imposed. We need not delineate the margins of the right in this case because nothing in Coffey's record suggests a basis for qualifying it.

■ The Government argues that Coffey's outburst at the threshold of trial justified denial of his right to proceed pro se. (*Cf.* Illinois v. Allen (1970) 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353.) The incident occurred when Coffey, who is black, learned that there were no blacks on the jury panel. The court admonished Coffey, and he thereafter behaved in a manner that moved the court to commend him for good conduct. However, we have no occasion to decide whether Coffey's initial conduct would have warranted a denial of his right to represent himself, because the district court did not purport to place its ruling on that ground. Rather, the court denied the motion because it believed that Coffey did not have the skills adequately to defend himself.[4] We recognize that the court was motivated by its concern for Coffey's welfare. We are also aware that pro se representation is usually inadequate and often unconducive to the orderly administration of a criminal trial. But the law of the circuit forbids denial of the right based on these considerations. (*E. g.*, United States v. Pike, *supra*, 439 F.2d 695; Bayless v. United States, *supra*, 381 F.2d 67; Arnold v. United States, *supra*, 414 F.2d 1056.)

■ Alternatively, the Government argues that the motion was appropriately denied because it was not timely. Here, again, the denial was not placed on that ground. The motion was made before the jury was sworn. The record contains no hint that the motion was a tactic to secure delay, and there is nothing that suggests that any delay would have attended the granting of the motion. We reject the Government's contention that Coffey's motion was untimely as a matter of law.

---

4. The Court: "Finally, Mr. Coffey, with respect to your motion to proceed in pro se, the Court has some misgivings about granting that motion for this reason: The Court has no knowledge of your ability or legal background, except what was brought up in the bail review, to properly defend yourself or proceed without an attorney. . . . Mr. Zumwalt is a member of the State Bar of California and a member of the Federal Bar and has been practicing in this Court, as well as other Federal Courts for some period of time. He is a skilled Defense Attorney; at least I feel so and I am sure that all other Judges in the Court feel so.

"The Court at this time, without a further showing, I think, is disposed to deny your motion. I think Mr. Zumwalt can adequately handle your case, and I think that if I am wrong in my decision you will have your opportunity before the Circuit Court to test the decision that I have made thus far."

### III.

We turn to the claimed error in sentencing defendants. We cannot determine from the face of the record whether the district court declined to apply young offender treatment or early parole eligibility provisions to defendants because it thought that they would not benefit from it[5] or because it thought that resort to the Federal Youth Corrections Act and section 4208(a)(1) was foreclosed by the mandatory sentencing language of 18 U.S.C. § 2114.[6] In United States v. Beverley (9th Cir. 1969) 416 F.2d 263, we characterized the twenty-five-year sentence prescribed by section 2114 as mandatory, but we did not consider the issue here presented. In Thurman v. United States (9th Cir. 1970) 423 F.2d 988, we upheld the district court in suspending execution of a twenty-five-year sentence of an offender convicted for a violation of 18 U.S.C. § 2114 and in placing him on probation, pursuant to section 4208(a)(2), without specifically addressing ourselves to the mandatory language problem. We now clarify the law of the circuit by holding that the mandatory terminology of section 2114 does not preclude the district court from exercising the discretion committed to it by the Youth Corrections Act or section 4208(a)(1). We are persuaded to this view by the legislative history of sections 4208, 4209, explicated by the reasoning of Judge (now Justice) Blackmun in Jones v. United States (8th Cir. 1969) 419 F.2d 593.

The judgment against Price is vacated and the cause is remanded for further proceedings on the grand jury recordation issue and on sentencing; the judgment against Coffey is reversed and the cause is remanded for further proceedings consistent with the views herein expressed.

District Judge DAVID W. WILLIAMS dissented without opinion.

---

5. 18 U.S.C. § 4208(a)(1) provides:
"(a) Upon entering a judgment of conviction, the court having jurisdiction to impose a sentence, when in its opinion the ends of justice and best interests of the public require that the defendant be sentenced to imprisonment for a term exceeding one year, may (1) designate in the sentence of imprisonment imposed a minimum term at the expiration of which the prisoner shall become eligible for parole, which term may be less than, but shall not be more than one-third of the maximum sentence imposed by the court, or (2) the court may fix the maximum sentence of imprisonment to be served in which event the court may specify that the prisoner may become eligible for parole at such time as the board of parole may determine."

18 U.S.C. § 4209 provides:
"In the case of a defendant who has attained his twenty-second birthday but has not attained his twenty-sixth birthday at the time of conviction, if, after taking into consideration the previous record of the defendant as to delinquency or criminal experience, his social background, capabilities, mental and physical health, and such other factors as may be considered pertinent, the court finds that there is reasonable grounds to believe that the defendant will benefit from the treatment provided under the Federal Youth Corrections Act (18 U.S.C. Chap. 402) sentence may be imposed pursuant to the provisions of such act."

6. "Whoever assaults any person having lawful charge, control, or custody of any mail matter or of any money or other property of the United States, with intent to rob, steal, or purloin such mail matter, money, or other property of the United States, or robs any such person of mail matter, or of any money, or other property of the United States, shall, for the first offense, be imprisoned not more than ten years; and if in effecting or attempting to effect such robbery he wounds the person having custody of such mail, money, or other property of the United States, or puts his life in jeopardy by the use of a dangerous weapon, or for a subsequent offense, shall be imprisoned twenty-five years."