Joseph Anthony **MEEKS**, Appellant,

v.

Walter **CRAVEN**, Warden, Appellee.

No. 72-2221.

United States Court of Appeals,
Ninth Circuit.

July 20, 1973.

Howard J. Berman, San Francisco, Cal., for appellant.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Gloria F. DeHart, Timothy A. Reardon, Deputy Attys. Gen., San Francisco, Cal., for appellee.

Before TRASK, CHOY, and GOODWIN, Circuit Judges.

ALFRED T. GOODWIN, Circuit Judge:

Joseph Anthony Meeks challenged by way of habeas corpus in the district court two California convictions. The causes were combined below, and have been combined on appeal. While the appeal raises a number of questions, only one requires extended discussion.

Meeks asserts that he was denied the right to act as his own lawyer at his preliminary hearing and at his trial in case No. 44099. At his preliminary hearing, Meeks clearly demanded the right to proceed *pro se*, and he was allowed to do so. The judge, however, appointed counsel to sit with Meeks and to aid in the examination and cross-examination of witnesses. Meeks does not assert that he incurred prejudice by reason of this assistance, and there was no error. Bayless v. United States, 381 F.2d 67 (9th Cir. 1967).

This circuit has recognized a constitutional right to represent oneself, Arnold v. United States, 414 F.2d 1056 (9th Cir. 1969), cert. denied, 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970), and has recently stated that the complete denial of this right in a federal trial is, per se, reversible error. United States v. Pike, 439 F.2d 695 (9th Cir. 1971). See United States v. Price, 474 F.2d 1223 (9th Cir., 1973). Meeks presents several questions which have not hitherto been considered.

First, this case comes to us on habeas corpus, unlike most of the cases involving *pro se* representation, which have presented the problem in the context of a direct appeal. *See, e. g.*, Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268, 143 A.L.R. 435 (1942); United States v. Pike, *supra*; United States v. Plattner, 330 F.2d 271 (2d Cir. 1964). Thus, the federal statute providing for *pro se* representation (28 U.S.C. § 1654) has no application. The issue is whether the petitioner is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a).

On the constitutional question, Meeks' conduct requires a discussion of the sort of demand that must be made in order to proceed *pro se*, and when that demand must be made. We hold that Meeks did not make a proper demand to proceed *pro se* at his trial.

Meeks asserts that at his trial, before a different judge from the one

467

who presided over his preliminary hearing, he again asserted his right to proceed without counsel but was denied the right. Meeks contends that the standard used in California to pass on demands to proceed *pro se* is constitutionally invalid because it requires that the defendant possess some actual ability to present a defense. We do not reach this question, for we hold that Meeks did not make an "unequivocal" demand to represent himself. United States ex rel. Anderson v. Fay, 394 F.2d 109 (2d Cir. 1968); United States ex rel. Maldonado v. Denno, 348 F.2d 12, 16 n.2 (2d Cir. 1965), cert. denied, Di Blasi v. McMann, 384 U.S. 1007, 86 S.Ct. 1950, 16 L.Ed.2d 1020 (1966); cf. Rotolo v. United States, 404 F.2d 316 (5th Cir. 1968). The reason an "unequivocal" demand is required is that, otherwise, "convicted criminals would be given a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel." United States ex rel. Maldonado v. Denno, 348 F.2d at 15–16. The trial judge is confronted with a conflict between two rights. He should not be presented with an impossible situation. *See* People v. Sharp, 7 Cal.3d 448, 103 Cal.Rptr. 233, 499 P.2d 489, 498 n.12 (1972).

Meeks' demand in this case was certainly not "unequivocal." He made no demand to proceed without counsel at the beginning of his trial. It is during the afternoon session that there appear in the record three statements which could be construed as demands by Meeks to proceed *pro se*:

"THE DEFENDANT: Your Honor, I have a motion before me. I got a hernia. Motion is whether or not I can proceed on pro per status, and my motion is based on points and authorities if you'd like to hear them.

"THE COURT: Why do you want to proceed in pro per?

"THE DEFENDANT: Well, there is another motion I would like to make after this one and counsel is against it."

\* \* \* \* \* \*

"THE DEFENDANT: \* \* \* I do believe in this case, as the Federal right points out, that I be allowed to conduct my own defense due to the fact that counsel feels very, very strongly about a motion that I would like to present before the Court this afternoon. If it was not for this motion, I would be more than willing to let counsel proceed. But I believe that this motion should be entered into the record because I believe it has, in effect, law that has been overlooked."

\* \* \* \* \* \*

"THE COURT: \* \* \* Motion denied.

You still want to represent yourself?

"THE DEFENDANT: Yes, Your Honor, I think I will."

The first two demands were conditional: Meeks stated that he wished to waive counsel only in order to present his motion and that he had no objection to counsel otherwise. The judge permitted Meeks to represent himself for purposes of making his motion. Meeks' "I think I will" is a prototype of equivocation. His so-called "demands" are not made more effective by the intervening discussion about Meeks' inability to present a defense. All this discussion was prior to the second "demand"; none of it was calculated to make the judge believe that Meeks wished anything more than to present his motion. Meeks made no further requests to proceed *pro se*.

An "unequivocal" demand to proceed *pro se* should be, at the very least, sufficiently clear that if it is granted the defendant should not be able to turn about and urge that he was improperly denied counsel. "I think I will" hardly meets the constitutional criteria for waiver of counsel. In the trial at issue, his attorney argued that a prior felony conviction could not be considered because Meeks' demand to proceed *pro se* at the earlier trial did not meet constitutional

criteria for waiver of counsel. Undoubtedly, if Meeks had been permitted to proceed without counsel in the instant case he would presently be making the same argument, with some justification. We refuse to place trial judges in an impossible dilemma through approval of an "I think so" waiver here.

A trial judge always has a problem when a defendant waives his right to counsel and asserts his right to try his own case. Later, upon reflection, and with new counsel, the defendant is quite likely to mount a collateral attack upon his trial or plea, claiming either that he did not understand what he was doing or that the court should have forced counsel upon him. *See, e. g.,* United States v. Mitchell, 472 F.2d 1223 (9th Cir. 1972), cert. denied, 411 U.S. 972, 93 S.Ct. 2162, 36 L.Ed.2d 695 (1973). We can find no constitutional rationale for placing trial courts in a position to be whipsawed by defendants clever enough to record an equivocal request to proceed without counsel in the expectation of a guaranteed error no matter which way the trial court rules. *See* United States ex rel. Maldonado v. Denno, 348 F.2d at 16.

As noted, Meeks has challenged his convictions upon a variety of grounds. He asserts that in case No. 43277 he did not knowingly and intelligently withdraw his plea of not guilty and waive trial by jury in favor of court trial on the sanity issue. This argument presented a question of fact. The record of the waiver proceeding sufficiently refutes his claim that he did not knowingly change his plea and waive a jury trial.

The state trial judge interrogated Meeks carefully, and interrogated his attorney, who was also present, on each point bearing upon Meeks' understanding of the proceedings. Because Meeks was known to have taken Thorazine in the past, and because he said he had been taking Darvon, a nonnarcotic, nonhypnotic pain alleviator, the judge satisfied himself that Meeks was not adversely affected by the drug, and that he understood and could follow the various proceedings.

The state record before the district court fully supported a finding that Meeks knowingly and voluntarily changed his plea and proceeded on the sanity issue with full knowledge of the consequences. Indeed, the record strongly suggests that Meeks' choice to try to establish a defense based upon his mental condition was probably the only tactic reasonably available to him.

Other points either were not raised in the state trial, or, if raised, present no constitutional question.

Affirmed.

TRASK, Circuit Judge (concurring).

I concur. I am not persuaded that the Constitution of the United States guarantees to a criminal defendant the right to represent himself. Neither do I read Adams v. United States ex rel. McCann, 317 U.S. 269, 63 S.Ct. 236, 87 L.Ed. 268 (1942), or any other decision of the Supreme Court as holding that it does. *Cf.* People v. Sharp, 7 Cal.3d 448, 103 Cal.Rptr. 233, 499 P.2d 489, 493–494 (1972). Our court, however, has so held and I yield to those precedents. United States v. Pike, 439 F.2d 695 (9th Cir. 1971); Arnold v. United States, 414 F.2d 1056 (9th Cir. 1969), cert. denied, 396 U.S. 1021, 90 S.Ct. 593, 24 L.Ed.2d 514 (1970); Hodge v. United States, 414 F. 2d 1040 (9th Cir. 1969).

Perhaps the conflict is partially semantic.

On the one hand the Supreme Court holds that a defendant may under controlled circumstances, competently and intelligently waive his constitutional right to assistance of counsel. *Adams, supra;* Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). We have held that a defendant may under controlled circumstances, competently and intelligently insist upon a "constitutional right" to represent himself. Haslam v. United States, 431 F.2d 362 (9th Cir. 1970), cert. denied, 402 U.S.

976, 91 S.Ct. 1680, 29 L.Ed.2d 142, aff'd on rehearing, 437 F.2d 955 (1971) (competent counsel appointed by court to assist in presentation of case); *Hodge, supra,* 414 F.2d at 1045 (advisory counsel). Our language may be couched in terms of the absolute right of self-representation, *Arnold, supra,* 414 F.2d at 1058, with which I disagree, but our holdings have been structured along narrower lines more consistent with the directives of the Supreme Court.