**The UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Ronald Paul DUJANOVIC, Defendant-
Appellant.**

**No. 72–3007.**

United States Court of Appeals,
Ninth Circuit.

Oct. 15, 1973.

Austin F. Rinella, Jr. (argued), Phoenix, Ariz., for defendant-appellant.

Joseph S. Jenckes, Asst. U. S. Atty. (appeared), William C. Smitherman, U. S. Atty., Phoenix, Ariz., for plaintiff-appellee.

## OPINION

Before ELY and TRASK, Circuit Judges, and EAST,* District Judge.

EAST, District Judge:

The appellant was charged with the crime of Failing to Submit to Induction, in violation of Title 50, Appendix, U.S.C. § 462. He declined the appointment of counsel and proceeded *pro se*. He was convicted, sentenced to custody for study and report pursuant to Title 18 U.S.C. § 5010(e) and appeals. The appellant presents his assignments of error as three issues for review, namely:

(a) Dujanovic was not of sufficient presence of mind to either waive counsel or conduct his own defense, and the court did not adequately advise him of the consequences of his actions.

(b) Dujanovic presented a prima facie case as regards his ineligibility for induction at the time of his physical examination. As competent refutation of this case was never included in his file, his induction was invalid, and further, as competent refutation was never presented at trial, his conviction is invalid.

(c) Taken either individually or together, the circumstances surrounding Dujanovic's waiver of counsel, as well as his induction, constitute plain error within the meaning of Rule 52(b), Federal Rules of Criminal Procedure, 18 U.S.C.

The appellant timely appeared before the United States Magistrate whereat he was advised of his right to counsel, ordered to report the name and address of his attorney, to appear at a time fixed before the United States District Court for arraignment and released on his personal recognizance.

The appellant appeared without counsel before the District Court for arraignment on April 10, 1972, and upon the Clerk's inquiry and offer, he refused appointed counsel. Whereupon the court appointed the public defender to represent the appellant. A few hours later on the same day the court permitted the public defender to withdraw as counsel upon the representation made in the presence of the appellant that the appellant "doesn't want a lawyer," entered a plea of not guilty on behalf of the appellant and set the case for trial on the following May 23rd.

On the opening of the trial, the appellant "appear[ed] in propria persona" with Mr. Karas of the public defender's office sitting in attendance by the direction of the court. The trial court was most patient with the appellant in advising him on procedure and suggestion that the appellant seek the advice of the public defender, which was declined.

*Issue (a):*

This issue vividly presents the whip saw position in which the trial court is placed when faced with a request for self-representation. It has been said "[a] defendant in a criminal case not only has a constitutional right to the assistance of counsel, he has a correlative constitutional right to refuse the advice or interference of counsel and to present his own case. A court has no more right to force an attorney on a defendant than it has to ignore the Sixth Amendment right to counsel," Arnold v. United States, 414 F.2d 1056, 1058 (9th Cir. 1969), cited in United States v. Price, 9 Cir., 474 F.2d 1223 at 1226. "The right to act *pro se* . . . is a right arising out of the Federal Constitution . . . ," United States v. Pike, 439 F.2d 695 (9th Cir. 1971), and "This circuit has recognized a constitutional right to represent oneself, Arnold v. United States, 414 F.2d 1056 (9th Cir.

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

1969), cert. denied, 396 U.S. 1021, 90 S. Ct. 593, 24 L.Ed.2d 514 (1970), and has recently stated that the complete denial of this right in a federal trial is, *per se,* reversible error." Meeks v. Craven, 482 F.2d 465 (9th Cir. 1973).

So, whether it be by the design or because of misguidance or naivete on the part of the accused, the trial court lays an appeal or a collateral attack by either a denial or the granting of the request.

It is no understatement to say that under the existing authorities in this circuit, the district judge is most likely to be placed in the predicament above described. It may be all due to too easily interpreted generalities or as stated by Judge Trask, concurring, in *Meeks,* supra, "the conflict is partially semantic."

In any event, the rule of the right of self-representation flows from the two founts of Adams v. United States, ex rel. McCann, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942), and Johnson v. Zerbst, 304 U.S. 458, at 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938).[1] We read the rationale of these authorities to be: An accused has the constitutional right to be represented in a criminal case by competent counsel and the correlative constitutional right *to dispense with counsel* and assume the management and control of his defense to a criminal charge *pro se.*

This circuit has from case to case as noted above applied that rationale in a progressively narrowing context in order to meet exigencies of the given case. There is no reason to burden this writing with a recital of the specific facts and statement of the rule applied in each case, except to point out that the judicial route has been a torturous one and generally dictated by the facts and circumstances of the given case *viewed retrospectively.* Hodge v. United States,

414 F.2d 1040 (9th Cir. 1969), was the product of a rehearing en banc, reversing the original panel, and carried the dissent of three circuit judges. *Price,* supra, carries the dissent of the district judge and a five circuit judge dissent from the majority's rejection of an en banc consideration, Order, dated August 17, 1973. This dissent, however, does not attack the more flexible statement of the constitutional right of self-representation but is geared against the application thereof to the given facts and circumstances. Meeks carries the dissent of a circuit judge attacking the reiteration of the absolutism of a constitutional right to represent oneself.

The statements in *Meeks,* like those in *Pike,* were apropos for the exigencies of the given case but carry a rule, if literally taken in future application, beyond the concept of *Adams* and *Johnson.* The Ninth Circuit decisions speak subjectively of an accused having a constitutional right to have competent counsel, and also, a constitutional right to represent himself *pro se;* however, it is manifest that any such two constitutional rights cannot actively co-exist. The very thesis of *Adams* and *Johnson* is that the constitutional right of counsel, specifically expressed in the Sixth Amendment, may be waived by an accused, through an intelligent relinquishment or abandonment thereof, and only then may the *correlative* constitutional right of self-representation be asserted and brought into play.

We firmly believe that the statement and appraisal of the developed rule of this circuit in *Price* carries a flexibility more comparable with the spirit and rationale of *Adams* and *Johnson.* So, for the guidance of the district judges when faced with the demand on the part of an accused to proceed *pro se,* either in total management and control of his

---

1. "The basic rule stated in *Johnson* [supra] is: 'A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.'" *Hodge,* ante, at 1042, footnote 2.

defense or in a lesser degree to actively participate along with counsel in the development of evidence and arguments to the court or jury, as well as our own in reaching a determination in this cause, we delineate our interpretation of the composite rule of *Price* as follows: An accused has the limited constitutional right upon demand to competently and intelligently waive his constitutional right to assistance of competent counsel and assume the management and control of his defense or participate therein under controlled circumstances as determined by the trial court.

■ The trial court when faced with a demand on the part of an accused to waive counsel and proceed *pro se* in his criminal trial is in reality faced with a two-pronged problem, this:

(a) ascertaining whether a demand to waive the constitutional right to the assistance of competent counsel is competently, voluntarily and intelligently made, and

(b) meeting its obligation to assure both the accused and the government a fair trial conducted in a judicious, orderly fashion which is always threatened and endangered with the gathering signs of disruptive actions or attitudes.

■ To date this circuit has established two limitations:

(1) the demand must be timely, *Pike,* supra, 439 F.2d at 695, and

(2) the demand must be unequivocal, *Meeks,* supra, at 467 of 482 F.2d.

The reasons for one charged with crime to waive the assistance of competent counsel in any given case range from the misguided or naive who just wants to tell the jury the truth, through the pressured one under the hardships of the accusation of crime and the sophisticated person enamored with his own ability, to the crafty courtroom experienced one who ruthlessly plays for the breaks. All eventually play the part of the proverbial fool. Accordingly, reasons for the waiver are not the concern of the trial court.

However, the American criminal jurisprudence is geared to the inviolate constitutional concept that an accused is entitled to competent counsel and legal representation, either of his own choice and arrangement or court appointed at government expense. So it is that the keystone determination or resolution of the two-pronged problem in the first instance is whether the request to waive the assistance of competent counsel is competently and intelligently made because with that determination the die is cast. Nothing whatsoever can thereafter occur during the pilotless journey which will evidence the state of mind of the accused or information at hand upon which he at that time intelligently waived his constitutional right of counsel.

■■ We see no rational distinction between the test for determining a competent and intelligent waiver of competent counsel and that for determining a competent, voluntary and intelligent waiver of any other constitutional right. Judicial experience with human frailties has long since taught the necessities of safeguarding the accused in criminal proceedings. See the historical notes to the 1966 amendment to Rule 11, Federal Rules of Criminal Procedure. We cannot visualize a less minimal requirement than the District Court shall not grant a request to waive counsel and proceed *pro se* without addressing the accused personally and determining on the record that the demand to waive counsel and proceed *pro se* is competently and intelligently made with understanding of the nature of the charge and the penalties involved.

■ The trial court in meeting its obligation to assure the accused and the government a fair trial has various options under the controlled circumstances sanction. As stated in *Price,* supra, "*pro se* representation is usually inadequate and often inconclusive to the orderly administration of a criminal trial" and a lack of skill or ability on the part of the accused to represent himself is not a consideration for the denial of the

request. However, the trial court may appoint competent counsel to merely advise or give the accused meaningful assistance in presentation of the defense and the saving of the record for appeal, see Haslam v. United States, 431 F.2d 362 (9th Cir. 1970), cert. denied 402 U. S. 976, 91 S.Ct. 1680, 29 L.Ed.2d 142 aff'd on rehearing, 437 F.2d 955 (1971), and *Hodge,* supra. Furthermore, we above mentioned the gathering signs of disruptive actions or attitudes. Among these are the actual or ready potential unruly and obstreperous accused. Such activities or potentialities can well stand as a voluntary relinquishment or forfeiture of the limited constitutional right to proceed *pro se,* just as the trial court may take appropriate steps to quiet or remove obstreperous accused including binding and gagging, if necessary, see Illinois v. Allen, 397 U.S. 337, 90 S.Ct. 1057, 25 L.Ed.2d 353 (1970), cited in the dissent from the rejection of en banc consideration in *Price,* supra. In this regard the trial court may in its discretion determine when and under what circumstances such an accused may represent himself to the extent of complete denial.

We are convinced that the district judge was misled by the terse recitals in the mentioned decisions that an accused has a constitutional right to proceed *pro se* and was not made mindful that the searching question placed to the court by the appellant's refusal to accept counsel was whether "[the appellant knew] what he [was] doing and his choice [was] made with open eyes." *Adams,* 317 U.S. at 279, 63 S.Ct. at 242, and reiterated belatedly for this cause, in *Price,* 474 F.2d at 1227.

Following the appellant's refusal of court appointed counsel at the arraignment and his acknowledgment that "I have read it [the indictment] before," this colloquy was had between the district judge and the appellant:

"The Court: Mr. Dujanovic, how old are you?

Defendant: Dujanovic. I am 21.

The Court: How much education have you had?

Defendant: Two years of junior college.

The Court: Is this the first time that you have been involved with any kind of a criminal charge?

Defendant: No, sir.

The Court: I think, in view of your age, I am going to appoint counsel to represent you, to at least talk to you before I accept a plea or go further with this. I am going to appoint the public defender, Mr. O'Toole, under the terms of the Criminal Justice Act, to represent the defendant at least at this time for purposes of discussing the charge and discussing the matter with him, and I will continue it until next Monday at 12:00 o'clock, for plea.

Defendant: What if I don't want to talk to him?

The Court: Well, we will cross that bridge when we get to it, Mr. Dujanovic."

Later that day the following occurred:

"Mr. O'Toole: May it please the Court, after the Court asked this gentleman to talk to our office, I conversed with him in the hall for approximately five minutes, and he is of the sentiment that he doesn't want a lawyer, so at this time I advised the defendant I would ask the Court to reconsider the proceeding at this time in order that he wouldn't have to go back next Monday.

The Court: Very well. I will permit the—an order consenting to the withdrawal of the Federal Public Defender, and I presume you wish to enter a plea of not guilty, Mr. Dujanovic.

Defendant: Yes.

The Court: Very well. The plea of not guilty will be received and you will receive in the mail a notice of the trial setting date in this case, the date on which it will proceed to trial."

and at the commencement of the trial this:

"(Proceedings at the bench, outside the hearing of the panel, attended by the defendant, Mr. Jenckes and Mr. Karas:)

The Court: Mr. Karas is going to be sitting at the table. He is not going to participate except as you ask him to. If you want to ask him a question or anything, feel perfectly free to ask him anything you want in the way of procedure or anything.

Just so you understand. . . ." (Here follows the district judge's explanation of the jury selection and trial procedures.)

The foregoing is the sum and substance of the inquiry as to the appellant's "capacity to decide intelligently and to understand what he is doing, i. e., [thereby making] a valid waiver of his right to counsel." *Price*, et al., supra 474 F.2d, at 1227.

█ We note that at no time during the waiver proceedings did the district judge personally advise the appellant of his constitutional right to have competent counsel or of the consequences of his choice of self-representation; nor does the record reveal that the appellant had any advice from any person as to, or any understanding of, the nature of the charges and the penalties involved, except only his acknowledgment to the Clerk that he had read the indictment. The record before us just does not reflect any rational factual basis to estab-

lish a competent and intelligent waiver of competent counsel by the appellant.[2]

Accordingly, we conclude under our analysis of the rule of this circuit and the test thereunder that the District Court committed plain error in acceding to the appellant's declination of competent counsel and permitting him to proceed *pro se*.

*Issue (b):*

It is unnecessary for us to deal with this issue; nevertheless, we comment that the issue is without merit, yet does present a classical example of one of the many dangers of self-representation. No purpose will be served by a detailed description of the trial proceedings. Suffice, had the appellant been represented by counsel, either of his own choice or under court appointment, we would be obliged to conclude the appellant had received a wholly inadequate factual or legal representation; however, one of the penalties of the appellant's self-representation is that he is bound by his own acts and conduct and held to his record. It might be as his own counsel on appeal asserts that within the pages of the Selective Service file itself was a complete factual and legal defense to the charge;[3] however, such was not called to the attention of the district judge and he was not requested nor otherwise required to make any ruling with respect thereto.

The cause is remanded to the District Court for a new trial or further proceedings.

Reversed and remanded.

---

2. "While we would have preferred the record to have shown that the district court had advised Mitchell more fully of the consequences of his choice (cf. Von Moltke v. Gillies, 332 U.S. 708, 723–724, 68 S.Ct. 316, 92 L.Ed. 309 (1948)), or that it had instructed Mitchell to consult with an attorney for advice on the wisdom of dispensing with counsel (see A.B.A. Project on Minimum Standards for Criminal Justice, Standards Relating to Providing Defense Services § 7.3 (1968)), . . . " United States v. Mitchell, 472 F.2d 1223 (9th Cir. 1972).

"'While an accused may waive the right to counsel, whether there is [an intelligent and competent] waiver should be clearly determined by the trial court, *and it would be fitting and appropriate for that determination to appear upon the record,*'" Mr. Justice Black, writing for the majority in *Johnson*, cited in the dissent in *Hodge*, 414 F.2d at 1052. We reiterate that admonition to and commend its application by the district judges.

3. Arguably, a history of emotional unstability caused by excessive drug usage, a disqualifying physical defect.