**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**Victor G. POMEROY, Defendant-Appellant.**

**No. 73–1501.**

United States Court of Appeals, Ninth Circuit.

Sept. 26, 1973.

As Amended on Denial of Rehearing Nov. 8, 1973.

Richard M. Botteri (argued), Davies, Biggs, Strayer, Stoel & Boley, Portland, Or., for defendant-appellant.

D. Richard Hammersley, Asst. U. S. Atty. (argued), Sidney I. Lezak, U. S. Atty., Portland, Or., for plaintiff-appellee.

Before DUNIWAY and CHOY, Circuit Judges, and RENFREW,* District Judge.

CHOY, Circuit Judge:

Victor G. Pomeroy was convicted after a jury trial, at which he defended himself, of two counts of knowingly and intentionally distributing and aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. He was sentenced to two five-year terms of imprisonment to run concurrently. We affirm.

Pomeroy's bail had initially been set at $20,000. Six days prior to trial, Pomeroy's attorney moved for a reduction of bail and indicated that he was having difficulties in locating witnesses who would testify on Pomeroy's behalf. The district judge reduced bail to $10,000 and instructed Pomeroy to give his attorney the names and addresses of potential witnesses for interviewing purposes. The judge indicated that if the witnesses would not talk with Pomeroy's attorney, that matter would be taken up at a later time.

On the morning of the trial Pomeroy's attorney again moved for a reduction of bail and requested a two-week continuance arguing that he was not prepared to go to trial because of his inability to locate witnesses and that Pomeroy's assistance was absolutely necessary for his defense. The trial judge denied both

* The Honorable Charles B. Renfrew, United States District Judge for the Northern District of California, sitting by designation.

motions and commenced *voir dire*. Pomeroy attempted to dismiss his attorney during *voir dire*, but the judge refused to entertain the motion in the presence of the jury. After *voir dire*, Pomeroy moved to dismiss his attorney and requested new counsel. The judge denied the motion for new counsel, then warned Pomeroy of the dangers of proceeding *pro se* and urged him to reconsider. Failing in that effort, the judge permitted Pomeroy to proceed *pro se* after Pomeroy consented to accept his former attorney as advisor. The jury was returned to the court and Pomeroy was given the right to make peremptory challenges. He declined to do so and the trial proceeded.

Pomeroy conducted a substantial portion of the trial on his own with procedural guidance from the judge and his advisor. At the close of the government's case, the trial judge granted a continuance of three days to enable Pomeroy to obtain witnesses. The court asked Pomeroy's advisor to assist Pomeroy in corollary state court criminal proceedings to make his federal release on personal recognizance effective.

At the close of the trial the government submitted instructions, but Pomeroy did not. The judge pointed out the absence of defense instructions and suggested that Pomeroy and his advisor confer on instructions and examine proposed government instructions. Neither Pomeroy nor his advisor voiced any objection to the instructions submitted.

## DISCUSSION

■ After a thorough examination of the record, we find that the trial judge did not deny Pomeroy's right to a fair trial in denying his motions for continuance and reduction of bail at either the pretrial stage or on the morning of the trial. Pomeroy had retained his attorney for eight weeks yet failed to provide him with the names and addresses of potential witnesses until a week before trial and then only at the request of the

judge. The judge was not faced with a situation similar to that in Kinney v. Lenon, 425 F.2d 209 (9th Cir. 1970), where the defendant did not know the names of witnesses and could identify them only on sight. The judge indicated that if *Kinney* problems arose, he would deal with them. Further, Pomeroy was granted a continuance and released without bail at the close of the government's case for the purpose of contacting some of the twenty-five to thirty witnesses he claimed could demonstrate his innocence. He was therefore not prejudiced by the pretrial denial and was afforded sufficient time to gather witnesses.

■ There was no abuse of discretion or deprivation of a constitutional right when the trial judge refused to appoint new counsel for Pomeroy on the morning of the trial. United States v. Price, 474 F.2d 1223, 1226 (9th Cir. 1973). The court was fully apprised of Pomeroy's reasons for dismissal of his attorney. There was no irreconcilable conflict with his attorney during the course of their relationship so as to warrant appointment of another attorney. Brown v. Craven, 424 F.2d 1166 (9th Cir. 1970).

The record reveals that Pomeroy intelligently waived his right to assistance of counsel. The trial judge sufficiently informed Pomeroy of the consequences of his choice and convinced him to accept his former attorney as advisor. Hodge v. United States, 414 F.2d 1040, 1042 (9th Cir. 1969).

■ Pomeroy was not denied his statutory and constitutional right to proceed *pro se*. There was no error in the trial judge's refusal to entertain Pomeroy's motion to dismiss his attorney and proceed *pro se* until after *voir dire*. *Voir dire* was being conducted by the judge and no questions had been submitted by Pomeroy's attorney. Pomeroy's role, had he been allowed to represent himself during *voir dire*, would have been limited to peremptory challenges. The judge afforded Pomeroy the opportunity to exercise his ten peremptory

challenges, as provided by Rule 24(b), Fed.R.Crim.P., after he had dismissed his attorney at the conclusion of *voir dire*.

During the course of the trial, Pomeroy conducted his own defense with limited assistance from the judge and his advisor. The record does not reveal intrusions by Pomeroy's advisor that would amount to interference with Pomeroy's presentation of his case. The advisor's assistance in corollary state court proceedings and in obtaining release on personal recognizance were actions taken at the request of the trial judge outside the scope of the trial proceedings. The actions were purely for Pomeroy's benefit in that they insured his release to seek out witnesses. As for the advisor's alleged aid in the review of government instructions, that too was done at the behest of the trial judge. Pomeroy indicated that he had no objections to the instructions.

■ There is no evidence in the record that Pomeroy specifically requested assistance in the collateral proceedings or in reviewing the proposed instructions of the government. Pomeroy asserts that the injunction of United States v. Price, *supra*, 474 F.2d at 1227, that advisory counsel may not interfere with the defendant's presentation of the case and may give advice only upon request was not heeded. We disagree. The court in *Price* indicated that the right to proceed *pro se* is not unlimited. It would be unreasonable to require trial courts to extract requests from defendants each time beneficial action is to be taken in their behalf relating to matters about which they appear to be totally unfamiliar. Otherwise trial courts would be placed in a predicament similar to that depicted in Meeks v. Craven, 482 F.2d 465 (9th Cir. 1973). We hold that when a defendant proceeding *pro se* agrees to the appointment of an attorney as his advisor and the trial judge requests the attorney to aid the defendant in procedural matters requiring expert assistance with no objection being made by the defendant, this is not inter-

ference as the term is used in *Price* and the constitutional right to proceed *pro se* is not infringed.

The evidence was ample to support the verdict of the jury convicting appellant.

Affirmed.