33 F.3d 60
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Clifford DANN, Defendant-Appellant.
 No. 93-10363.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1994.*
Decided Aug. 25, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clifford Dann appeals his conviction, which followed a jury trial, for assaulting or resisting a United States officer with the use of a deadly weapon in violation of 18 U.S.C. Secs. 111, 1114. Dann argues that, because his insistence that his appointed attorney neither call nor cross-examine witnesses was tantamount to a waiver of counsel, the district court erred by failing to conduct a full hearing under Faretta v. California, 422 U.S. 806 (1975). We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 There is a difference between an accused's participation in the direction of his own defense and his outright waiver of counsel. See Jeffries v. Blodgett, 5 F.3d 1180, 1198 (9th Cir.1993), cert. denied, 114 S.Ct. 1294 (1994). Only once the constitutional right to counsel is properly waived by an accused "may the correlative constitutional right of self-representation be asserted and brought into play." United States v. Dujanovic, 486 F.2d 182, 185 (9th Cir.1973). "Counsel's actions are usually based, quite properly, on informed strategic choices made by the defendant and on information supplied by the defendant." Strickland v. Washington, 466 U.S. 668, 691 (1984).
 
 
 4
 Here, although Dann never asserted a wish to defend himself, he instructed his appointed attorney not to call or cross-examine witnesses. He rested his entire defense on the claim that the district court lacked jurisdiction over sovereign Indian lands.
 
 
 5
 The district court told Dann repeatedly that presenting a case would not compromise his jurisdictional claim on appeal. In addition, both the district court and Dann's attorney advised him to conduct a more active defense. Following the testimony of every government witness, the district court asked Dann anew if he wished to ask questions and if he understood that his strategy not to do so could jeopardize his case. Dann asserted each time that he understood and that he had made his decision freely, intelligently and voluntarily. The court questioned Dann again before final arguments, and Dann stated plainly that he had instructed his attorney to forego closing arguments.
 
 
 6
 On the basis of this record, we conclude that Dann did not waive his Sixth Amendment rights. Thus, there was no reason for the district court to conduct a Faretta inquiry. See Dujanovic, 486 F.2d at 185.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3