39 F.3d 1186
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Cedric R. ALLEN, Plaintiff-Appellant,
v.
ADRIEN NORMAN, WILLIAM BUNNELL, et al., Defendants-Appellees.
 No. 93-16818.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 8, 1994.
 
 Before: WRIGHT, BEEZER and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 California prisoner Cedric R. Allen sued two correctional officers and a prison warden under 42 U.S.C. Sec. 1983. He appeals a judgment on a jury verdict for defendants. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 1. Jury Verdict
 
 3
 We review jury verdicts for substantial evidence. Davis v. Mason County, 927 F.2d 1473, 1486 (9th Cir.1991). Allen asserted that the correctional officers used excessive force to take him to a holding cage, and then left him naked in the cage for hours, flooded his cell, ransacked his belongings and took his legal documents. Allen's inconsistent testimony was the only evidence supporting these allegations. The officers, however, testified that after Allen flooded his own cell, they strip-searched him in a holding cage pursuant to prison procedures. They denied ransacking his belongings or taking any documents. We defer to the jury's determination of credibility and its resolution of evidentiary conflicts. See United States v. Martinez, 967 F.2d 1343, 1345 (9th Cir.1992); United States v. Gillock, 886 F.2d 220, 222 (9th Cir.1989). Substantial evidence supported the verdict.
 
 2. Jury Instructions
 
 4
 Allen did not timely object to the jury instructions. Fed.R.Civ.P. 51 (requiring objection prior to jury deliberation); Hammer v. Gross, 932 F.2d 842, 847-48 (9th Cir.1991) (strictly enforcing Rule 51). Nor did his conduct make his opposition clear at trial. See Lifshitz v. Walter Drake & Sons, Inc., 806 F.2d 1426, 1430-31 (9th Cir.1986) (allowing exception to Rule 51 only if "the party's previous conduct had made its opposition clear"). He may not challenge the instructions on appeal.
 
 3. Evidentiary Rulings
 
 5
 Allen challenges the judge's evidentiary rulings, but does not specify what evidence was improperly admitted or rejected. His conclusory allegations are insufficient to show an abuse of discretion or prejudice. See Haddad v. Lockheed California Corp., 720 F.2d 1454, 1456-57, 1459 (9th Cir.1983) (appellant must show an abuse of discretion and prejudice to warrant reversal of evidentiary rulings).
 
 4. Judicial Misconduct
 
 6
 Allen asserts that the judge improperly encouraged him to testify. The judge explained to him his right to testify when his case became subject to a directed verdict. The judge properly exercised his discretion to render such assistance during trial. See United States v. Trapnell, 512 F.2d 10, 12-13 (9th Cir.1975) (allowing a judge broad discretion to question witnesses); United States v. Pomeroy, 485 F.2d 272, 275 (9th Cir.1973) (judge may provide limited assistance during trial).
 
 
 7
 Allen's more general charge of judicial bias also lacks merit because the record does not indicate that the judge's "impartiality might reasonably be questioned." See United States v. Studley, 783 F.2d 934, 939 (9th Cir.1986). The judge did not abuse his discretion when he denied Allen's recusal request. Id.
 
 
 8
 Allen claims that he was not prepared for trial because the judge failed to give him notice or grant his continuance requests. Allen filed his complaint on July 27, 1988. The trial date was rescheduled numerous times. Finally, the court mailed him a notice on March 30, 1993 that his trial was set for August 3, 1993. The trial began on August 31, 1993. The judge did not abuse his discretion in setting the trial date. See Hoptowit v. Ray, 682 F.2d 1237, 1261 (9th Cir.1982). And because Allen had more than enough time to prepare, the judge did not abuse his discretion in denying Allen's requests for a continuance. See Ticor Title Ins. Co. v. Florida, 937 F.2d 447, 451-52 (9th Cir.1991).
 
 5. Reply Brief Claims
 
 9
 Generally, we do not address issues raised for the first time in a reply brief. Eberle v. Anaheim, 901 F.2d 814, 817-18 (9th Cir.1990). We need not consider Allen's new allegations here.
 
 
 10
 Any claims not addressed herein lack merit.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3