Devonte Bernard HARRIS,
Petitioner—Appellant,

v.

Francisco JACQUEZ,* Respondent—
Appellee.

No. 05–56775.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 5, 2009.

Filed April 13, 2009.

Devonte Bernard Harris, Represa, CA, pro se.

Thien Huong Tran, AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: FERNANDEZ and PAEZ, Circuit Judges, and HOGAN,** District Judge.

---

* Petitioner is currently incarcerated at Pelican Bay State Prison. Accordingly, Warden Francisco Jacquez is substituted as Respondent pursuant to Fed. R.App. P. 43(c)(2).

** The Honorable Michael R. Hogan, United States District Judge for the District of Oregon, sitting by designation.

MEMORANDUM ***

Devonte Bernard Harris appeals the district court's denial of his habeas petition, which he filed pursuant to 28 U.S.C. § 2254. The certified issue on appeal is whether Harris's "due process rights were violated when the trial court required him to choose between requesting a continuance to prepare for trial and his right to represent himself at trial" under *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

Harris filed his habeas petition on September 12, 2002, after the effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub.L. No. 104–132, 110 Stat. 1214 (1996); therefore, AEDPA's provisions apply. *See Delgado v. Lewis,* 223 F.3d 976, 979 (9th Cir.2000). Under AEDPA, habeas relief is warranted only if the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court," or if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). At issue here is the decision of the California Court of Appeal ("Court of Appeal") because it is "the last reasoned state-court decision." *See Van Lynn v. Farmon,* 347 F.3d 735, 738 (9th Cir.2003).

Harris has failed to show that the Court of Appeal's decision was an unreasonable application of the Supreme Court's holdings in *Ungar v. Sarafite,* 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921 (1964), or *Morris v. Slappy,* 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), cases that address circumstances in which a trial court's denial of a motion for a continuance constitutes an abuse of discretion that violates a defendant's due process rights.[1] In *Ungar,* the Court observed, "There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." 376 U.S. at 589, 84 S.Ct. 841. Similarly, the Court held in *Morris* that "only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." 461 U.S. at 11–12, 103 S.Ct. 1610 (quoting *Ungar,* 376 U.S. at 589, 84 S.Ct. 841).

Here, the Court of Appeal's determination was not an unreasonable application of these cases. It reasoned that the trial court did not abuse its discretion because Harris made his *Faretta* request on January 20,[2] told the court on January 24 that he would be ready to proceed with trial on January 26, and stated that he would not request a continuance unless he discovered new evidence in the meantime. These circumstances do not suggest that the trial court's denial of the continuance was "an

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. In *Ungar,* the Court explained that "due process" includes the right to be represented by counsel, as well as other procedural protections like the right to be adequately advised of charges and an adequate opportunity to call witnesses. 376 U.S. at 589 n. 9, 84 S.Ct. 841.

2. Although Harris asserts that he made a *Faretta* request at a November 24, 1989, hearing, the record shows that he did not make an "unequivocal" demand to represent himself at this hearing. *See Meeks v. Craven,* 482 F.2d 465, 467 (9th Cir.1973). At most, the record shows that he was requesting that his current counsel be replaced with new counsel. When considered in its proper context, Harris's argument is not persuasive.

unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *See id.*

Further, Harris has failed to show that the Court of Appeal's decision was an unreasonable application of *Faretta* itself. Although *Faretta* held that the Sixth Amendment guarantees the right of self-representation, 422 U.S. at 819, 95 S.Ct. 2525, it involved a defendant who made his request to represent himself "weeks before trial." *Id.* at 836, 95 S.Ct. 2525. The Court, therefore, did not address whether a trial court, on the day of trial, must honor, or continue to honor, a request for self-representation when the defendant, representing himself, is unable to proceed with trial on that day. We therefore cannot say that the California Court of Appeal's decision was an unreasonable application of *Faretta.*

**AFFIRMED.**