**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 6 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   14-30264 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00542-HZ-1 |
| v. | |
| EDWARD ALLEN MCELROY, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Argued and Submitted June 6, 2018
Portland, Oregon

Before:  M. SMITH and MURGUIA, Circuit Judges, and KORMAN,[**] District Judge.

Edward McElroy appeals his convictions for sexual exploitation of a child, online enticement, and four child pornography offenses.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

1. After being represented by counsel for most of trial, McElroy was permitted to represent himself for the final phase. The jury found McElroy guilty on all counts. McElroy argues that his waiver of the right to counsel was not knowing and intelligent under *Faretta v. California*, 422 U.S. 806 (1975), because the district court failed to ascertain that he understood "the possible penalties" he faced as to Count 1. *United States v. Erskine*, 355 F.3d 1161, 1167 (9th Cir. 2004) (quoting *United States v. Balough*, 820 F.2d 1485, 1487 (9th Cir. 1987)). As to Count 1, McElroy was correctly informed of the minimum possible penalty he faced (25 years), but was not advised of the maximum penalty he faced (50 years). McElroy was correctly informed that he faced a possible penalty of life imprisonment if a sentencing enhancement applied. McElroy was not provided with any incorrect information about his possible sentence. *Cf. United States v. Forrester*, 512 F.3d 500, 507 (9th Cir. 2008). The district judge "did not err in including the potential sentencing enhancements in his calculation of the maximum possible penalty provided by law." *United States v. Gerritsen*, 571 F.3d 1001, 1010 (9th Cir. 2009).

McElroy also argues that his waiver was not knowing and intelligent because he was not advised of the meaning and effect of a term of "supervised release." McElroy points to no authority requiring the district court judge to provide such information. In addition, the judge correctly informed McElroy that

the "maximum possible penalty provided by law" was a life sentence without any term of supervised release. *See id*.

Because McElroy was not given any incorrect information regarding Count 1, *cf. Forrester*, 512 F.3d at 507, and no authority required McElroy to be informed about the nature of supervised release, McElroy knowingly and intelligently waived his right to counsel.

2. While representing himself, McElroy introduced into evidence an affidavit that identified him as a convicted sex offender. When he realized his mistake, he moved to withdraw the exhibit. The district court's response ("It's in. I'm sorry. You offered it. I received it.") does not show that the court was unaware of its discretion. Contrary to McElroy's argument on appeal, even if McElroy was prejudiced by the exhibit, neither that prejudice nor his *pro se* status, without more, establishes that the district court abused its discretion. *See United States v. Dujanovic*, 486 F.2d 182, 188 (9th Cir. 1973).

3. McElroy argues that the district court abused its discretion in admitting into evidence images of his erect penis and a video of him masturbating that he had sent to the victim. This evidence had probative value insofar as it tended to show McElroy's intent to entice the victim into sexual activity and, because McElroy's face appears in the video, his identity. However, McElroy offered a stipulation that would have had the same or greater probative value, and the government does

not contest that McElroy was unfairly prejudiced by the admission of the images and video. *See United States v. Merino-Balderrama*, 146 F.3d 758, 762 & n.3 (9th Cir. 1998). In these circumstances, it is a close question whether the district court abused its discretion in admitting the photos and video in light of McElroy's willingness to stipulate, but we need not decide that question because any error was harmless. The evidence that McElroy attempted to entice the victim, a minor, into sexual activity was plentiful, as was the evidence on the other counts. The jury heard uncontradicted testimony from the victim herself, her mother, and law enforcement officers, and was presented with records and transcripts of McElroy's communications with the victim. All of this evidence tended to establish McElroy's guilt, and, in part due to his decision to represent himself for the last portion of the trial, he offered no coherent defense. In light of the circumstances, it is more likely than not that the introduction of the photos and video did not affect the jury's verdict. *See United States v. Pang*, 362 F.3d 1187, 1192 (9th Cir. 2004).

4. McElroy challenges his conviction for attempted transportation of child pornography, arguing that the evidence showed at most that he prepared to commit this offense. *See Hernandez-Cruz v. Holder*, 651 F.3d 1094, 1102 (9th Cir. 2011). This conviction was based on the undisputed evidence that an email was found in McElroy's "sent items" folder containing sexually explicit images of the victim. Although the intended recipient denied receiving the email and a police officer

testified that he did not find it in her email account, a reasonable juror could choose to discredit her testimony and conclude that she received and deleted the email, which had the subject line "Read then delete!!"  Furthermore, another officer testified that McElroy admitted sending the email when questioned.  Accordingly, this conviction is supported by sufficient evidence.

**AFFIRMED.**